H. Dale Langley, Jr. (*Pro Hac Vice* forthcoming)
Texas Bar No. 11918100
The Langley Law Firm, P.C.
1803 West Avenue
Austin, Texas 78701
Phone Number:  512-477-3830
Facsimile:  866-735-9129
Email:  dlangley@iptechlaw.com

Attorneys for Plaintiff
ShockWatch, Inc. d/b/a SpotSee, a Texas corporation

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **SHOCKWATCH, INC. d/b/a SPOTSEE,**<br><br>             Plaintiff,<br><br>     v.<br><br>**FOUR M COMMERCIAL OPERATIONS, LLC,**<br><br>             Defendant. | PATENT<br><br>Case No. <u>7:25-cv-1805</u><br><br><br>**JURY TRIAL DEMANDED** |

### ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, ShockWatch, Inc. d/b/a SpotSee, files this Original Complaint for Patent Infringement against Defendant, Four M Commercial Operations, LLC, and alleges as follows:

### I. Parties

1. Plaintiff ShockWatch, Inc. d/b/a SpotSee ("SpotSee" or "Plaintiff") is a Nevada corporation, having a principal place of business at 5501 Lyndon B. Johnson Fwy., Suite 400, Dallas, Texas 75240.

2. On information and belief, Defendant Four M Commercial Operations, LLC ("FourM" or "Defendant") is a Delaware LLC, having a principal and regular and established place of business at 7 Rennaissance Sq. 5th Fl., White Plains, New York 10601.

3. On information and belief, Defendant FourM acquired and now owns and operates

the assets formerly of Varcode, Ltd. ("Varcode") an Israeli company with its principal place of business at 26 Zarhin St., 3rd Floor, Ra'anana, Israel 4366250.

## II. Jurisdiction and Venue

4.  This action arises under the patent laws of the United States, Title 35, United States Code § 1, *et seq*. This Court has exclusive subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

5.  On information and belief, Defendant is subject to this Court's specific and general personal jurisdiction, pursuant to due process and the New York Long-Arm Statute, due at least to its business in this forum, including at least a portion of the infringements alleged herein. Furthermore, Defendant is subject to this Court's specific and general personal jurisdiction because Defendant has a regular and established place of business in this judicial district.

6.  On information and belief, within this judicial district, Defendant has made, used, offered and/or sold, or induced the making, using, offering, or selling of, SpotSee's patented inventions thereby committing and continuing to commit acts of patent infringement alleged herein. On information and belief, Defendant has derived revenues from its infringing acts occurring within New York and this judicial district. Moreover, on information and belief, Defendant is subject to the Court's general jurisdiction, including from regularly doing or soliciting business, engaging in other persistent courses of conduct, and deriving substantial revenue from goods and services provided to persons or entities in New York and this judicial district. Further, on information and belief, Defendant is subject to the Court's personal jurisdiction at least due to its sale of products and/or services within New York and this judicial district. Defendant has committed such purposeful acts and/or transactions in New York and this judicial district such that it reasonably should know and expect that it could be haled into this Court

as a consequence of such activity.

7.      Venue is proper in this District under 28 U.S.C. §§ 1391(b), (c) and (d) and 1400(b). On information and belief, Defendant resides in this judicial district or has committed acts of infringement and has a regular and established place of business in this judicial district. On information and belief, Defendant acquired and owns and operates the assets formerly of Varcode. On information and belief, Defendant has a physical place in this judicial district where the business is conducted, that place operates in a steady, uniform, orderly and methodical manner, indicating non-sporadic activity not transient or temporary, and has control over the location in this judicial district and conducts a substantial part of its ordinary business on a permanent basis in this judicial district. Further on information and belief, at least certain of the infringing actions of Defendant occurred in or are induced in this judicial district. On information and belief, a substantial part of the acts or omissions giving rise to the claims occurred in this judicial district.

8.      For these reasons, personal jurisdiction exists and venue is proper in this Court.

### III.  Factual Background

9.      SpotSee is a business that manufactures and sells, among other products, visual indicator recognition systems and methods of operation thereof. A photo of one of SpotSee's visual indicator recognition products is shown in Exhibit A.

10.     SpotSee owns all right, title and interest in United States Letters Patent No. 10,147,025 (the "'025 Patent") entitled "Visual Indicator Status Recognition," which was duly and legally issued by the United States Patent & Trademark Office (PTO) on December 4, 2018 after full and fair examination.  A copy of the '025 Patent is attached as Exhibit B.

11.     Defendant is infringing and/or inducing others to infringe by making, using, offering to sell, and/or selling in the United States, and/or importing into the United States,

products or processes that practice or induce the practice of one or more inventions claimed in the SpotSee '025 Patent.

12. Defendant's infringing products or processes include the product and method shown in <u>Exhibit C</u>.

13. Defendant has profited through infringement or inducement of infringement of the SpotSee '025 Patent. As a result of Defendant's unlawful infringement of the SpotSee '025 Patent, SpotSee has suffered and will continue to suffer damage. SpotSee is entitled to recover from Defendant the damages suffered by SpotSee as a result of Defendant's unlawful acts.

14. On information and belief, Defendant has known of the SpotSee '025 Patent. SpotSee hereby notifies Defendant of the SpotSee '025 Patent and demands that Defendant halt infringing activities.

15. On information and belief, Defendant continues and will continue its unlawful infringing activity, and SpotSee continues and will continue to suffer irreparable harm, for which there is no adequate remedy at law, from such unlawful activity unless Defendant is enjoined by this Court.

### IV. <u>Patent Infringement</u>

*Count 1 -- Infringement of U.S. Patent No. 10,147,025 (the "'025 Patent")*

16. SpotSee hereby incorporates and realleges paragraphs 1 through 15 above as though fully set forth herein.

17. Claims 1, 2, 5, and 7 of the '025 Patent include a visual indicator recognition system including a camera configured to capture image of an indicator device, a detection circuit to derive at least a model or serial number of the indicator device, access relational data to determine location of the indicator device and a physical phenomenon measured by the indicator device,

optical manipulate to determine a select area of the image of the indicating region, and analyze the select area to derive status of the indicator device.

18. Claims 8, 9, 11, 12, and 14 of the '025 Patent include a visual indicator recognition system including a camera configured to capture image of an indicator device, a detection circuit to derive at least a model or serial number of the indicator device, access relational data to identify a capture window of the indicator device and a physical phenomenon measured by the indicator device, optical manipulate to position the indicator device, and analyze the image to derive status information of the indicator device.

19. Claims 15, 16, and 19 of the '025 Patent include a method including capturing an image of an indicator device, deriving a model or serial number of the indicator device from the image, identifying a capture window for the type of the indicator device to indicate a physical phenomenon measured by the indicator device, optically manipulating the image to position the indicator device, and analyzing the image to derive status information of the indicator device.

20. On information and belief, Defendant makes, uses, sells, offers to sell, and/or imports in or into the United States, or actively and knowingly induces others to do so, a visual indicator recognition system and method ("Infringing Product"), identified at least by Defendant as "Smart Tag" and "Smart Tag VI," to wit:



21. The Infringing Product is a visual indicator recognition system including a camera

Original Complaint for Patent Infringement     5

configured to capture image of an indicator device, a detection circuit to derive at least a model or serial number of the indicator device, access relational data to determine location of the indicator device and a physical phenomenon measured by the indicator device, optical manipulate to determine a select area of the image of the indicating region, and analyze the select area to derive status of the indicator device.

22. The Infringing Product also is a visual indicator recognition system including a camera configured to capture image of an indicator device, a detection circuit to derive at least a model or serial number of the indicator device, access relational data to identify a capture window of the indicator device and a physical phenomenon measured by the indicator device, optical manipulate to position the indicator device, and analyze the image to derive status information of the indicator device.

23. The Infringing Product further operates a method including capturing an image of an indicator device, deriving a model or serial number of the indicator device from the image, identifying a capture window for the type of the indicator device to indicate a physical phenomenon measured by the indicator device, optically manipulating the image to position the indicator device, and analyzing the image to derive status information of the indicator device.

24. Defendant, by making, using, selling, offering to sell, and/or importing in or into the United States, without authority, or actively and knowingly inducing others to do so, visual indicator recognition systems and the methods claimed in the '025 Patent, has directly infringed or indirectly infringed (by contributory infringement and/or inducement of infringement), and is continuing to infringe, directly or indirectly, at least claims 1, 2, 5, 7, 8, 9, 11, 12, 14, 15, 16, and 19 of the '025 Patent in this judicial district and/or otherwise within the United States.

25. Defendant, including via its predecessor in interest Varcode, has had knowledge of

the '025 Patent, and has not ceased its infringing activities.

26. Defendant's infringements of the '025 Patent have been and continue to be knowing, intentional, willful and deliberate.

27. As a direct and proximate consequence of the acts and practices of Defendant in infringing, directly and/or indirectly, one or more claims of the '025 Patent, SpotSee has been, is being and, unless such acts and practices are enjoined by this Court, will continue to be injured in its business and property rights.

28. As a direct and proximate consequence of the acts and practices of Defendant in infringing, directly and/or indirectly, one or more claims of the '025 Patent, SpotSee has suffered, is suffering, and will continue to suffer injury and damages for which SpotSee is entitled to relief under 35 U.S.C. § 284, in an amount to be determined at trial.

29. By reason of the infringing acts and practices of Defendant, Defendant has also caused, is causing and, unless such acts and practices are enjoined by this Court, will continue to cause immediate and irreparable harm to SpotSee for which there is no adequate remedy at law, and for which SpotSee is entitled to injunctive relief under 35 U.S.C. § 283.

30. This case is exceptional and, therefore, SpotSee is entitled to an award of attorney fees pursuant to 35 U.S.C. § 285.

## V. Prayer for Relief

Plaintiff ShockWatch, Inc. d/b/a SpotSee prays for the following relief against Defendant Four M Commercial Operations, LLC:

a. A judgment that Defendant has infringed, directly and/or indirectly, the '025 Patent;

b. A judgment that Defendant's infringement of the '025 Patent is and has been willful;

c. A judgment and order preliminarily and permanently enjoining Defendants, their

employees and agents, and any other person(s) in active concert or participation with them from infringing, directly or indirectly, the '025 Patent;

d. A judgment and order requiring Defendant to account and pay SpotSee damages under 35 U.S.C. § 284, including treble damages for willful infringement as provided by 35 U.S.C. § 284, and supplemental damages for any continuing post-verdict infringement up until entry of the final judgment with an accounting as needed;

e. An award of prejudgment and post-judgment interest;

f. An award of all costs of this action;

g. An award of reasonable and necessary attorneys' fees; and

h. Such other and further relief as the Court deems just and equitable.

## VII.  Demand for Jury Trial

Plaintiff SpotSee hereby demands that all issues be determined by a jury.

Respectfully submitted,

DATED: March 4, 2025

/s/H. Dale Langley, Jr.
H. Dale Langley, Jr. (*Pro Hac Vice* forthcoming)
Texas Bar No. 11918100
The Langley Law Firm, P.C.
1803 West Avenue
Austin, Texas 78701
Phone Number:  512-477-3830
Facsimile:  866-735-9129
Email:  dlangley@iptechlaw.com

**ATTORNEYS FOR PLAINTIFF
SHOCKWATCH, INC. dba SPOTSEE**